The Indiana statute criminalizing robbery by fear is not a violent felony for two reasons, each of which is independently sufficient to reverse Mr. Duncan's sentence in this case. First, all that the Indiana statute requires is that the victim be afraid of mere bodily injury, which the Indiana legislature and the courts have repeatedly defined as any physical impairment, including but not limited to physical pain. In Flores v. Ashcroft, this court held that Indiana's bodily injury requirement was so de minimis that it did not require the violent physical force envisioned by the Armed Career Criminal Act. Second, unlike- Wasn't Flores just a touching case? Wasn't that the problem there? Well, the facts of Flores, Your Honor, were significantly more egregious than touching. But the analysis was focused on the fact that battery could be committed by an unwelcome touching, correct? Partly correct, Your Honor. In Flores, the court considered a battery with bodily injury. In that case, the defendant's prior conviction was for domestic battery. With the additional specific element of bodily injury, Indiana has a normal battery statute that does not require any additional finding. The defendant there was- Once I punch you in the arm, which I promise I will not do, I have completed the act of battery. Indiana could rightfully decide then that a punch in the arm is sufficient to be a battery, but a paper cut, for instance, is not. But in the robbery statute, the fear of bodily injury is such that it causes someone to part with her property. If you say, give me your car or I will give you a paper cut, I'm likely to take the paper cut. You made- The fact that the fear is sufficient to cause someone to part with her property implies a particular level of threat. Your Honor, that brings me to my second point as to why Indiana robbery by fear is not a violent felony. Because unlike other robbery statutes, Indiana's robbery by fear, not by force, but by fear, is entirely focused on the subjective perception of the victim. The court is absolutely correct that if I said, give me your car or I will inflict upon you a paper cut, if that compelled me because of my deep and abiding fear of paper cuts to depart with my property, that would satisfy the Indiana statute. However, that is not the kind of violent physical force that the Supreme Court noted was required under the Armed Career Criminal Act. In Johnson, the 2010 case, the Supreme Court entirely adopted this court's reasoning in Florida. In Johnson, the Supreme Court signaled that a slap in the face would be enough, correct? Yes, Your Honor. Okay. What Indiana cases have indicated that something less than a fear of a slap in the face or less injury would be sufficient? Well, Your Honor, there are several Indiana cases that describe a defendant's conduct where the defendant makes no suggestion of any particular force, either implicit or directly. Right. Those are the fear cases. But what's the signal, the clearest signal, I guess, that you can point us to from the Indiana courts that a fear of something less violent than a slap in the face is sufficient to support a robbery conviction? Your Honor, there are Indiana cases such as Cross and Jones and Butler, all of which describe conduct that would not be ordinarily considered force under Johnson and Flores. I'd also point the Court to the jury instructions and the codification of bodily injury in the Indiana Code. And there, as the Indiana courts in a case called Bailey discussed, the Indiana legislature and a common law have made the very particular and deliberate decision to not require more than a de minimis impact in bodily injury. Indiana, unlike other states, has separately defined moderate injury and serious injury from bodily injury. And in Bailey, the Indiana Supreme Court explicitly rejected any attempt to elevate that threshold requirement. To talk about more directly your question, in the admittedly slightly older case of Cross, two defendants walked into a gas station, didn't say anything to anyone in the gas station, didn't display a weapon, didn't touch anyone, picked up the cash register back in the days before they were bolted down, I assume, and walked right out. The victim testified that he was afraid, but not of anything in particular. There was nothing that those defendants did that could be described as force, either actual, attempted, or threatened use of force. Are you asking us to overturn Lewis, Raup, Williams, Hunter, and Houns? Your Honor, I don't believe that this case would require the court to overturn Raup or any of the other decisions dealing with other states' robbery by fear statutes. As the Supreme Court and this Court has noted, and as the Fourth Circuit and Gardner just last week noted, each state is entitled to define their own criminal code as they see fit. Indiana's criminal code, especially their bodily injury requirement, is extremely different from those of other states. In De Leon-Castellanos, which Judge Sykes, you were on the panel, this Court considered the Illinois battery with bodily injury code. And there this Court noted that Indiana's bodily injury is analogous to Illinois's offensive or provoking conduct. I'm not asking this Court to overturn Lewis because I believe the combination of the most recent Johnson opinion and the 2010 Johnson opinion do that for this Court. Specifically, in Lewis, the Court makes sort of a two-part holding. In the first part, they conflate robbery by fear with robbery by threat, which is nowhere found in the Indiana code, and say that Indiana robbery by threat is a crime of violence or a violent felony. I believe in that case it was a crime of violence because it requires force. However, that case predates Johnson, and nowhere do they discuss the amount of force that is required under the Indiana law. In the second part of that holding- But Indiana interprets the fear version of the robbery offense to include and to require, in fact, not just include, but require a finding of fear of physical injury. Your Honor, what the Indiana code requires is a fear of bodily harm, not a fear of physical injury. Those things are different because the Indiana code explicitly and repeatedly has defined bodily injury, both through their common law but also in their code itself. The Indiana jury instructions, particularly 14.86, explicitly defines bodily injury in the same way that it is defined in the code. Pain. Any physical impairment, including pain. Any physical impairment. As the court describes in Flores, if a defendant inflicts a paper cut on a person, even if that paper cut causes no pain, that is sufficient under Indiana's code. In Bailey, the Indiana Supreme Court made it very, very clear, despite a defendant's efforts to suggest otherwise, that there was no threshold requirement for the duration of the pain, the intensity of the pain, the type of the physical impairment, as long as there was a physical impairment. And, for example, in that case, the defendant repeatedly poked his ex-wife in the forehead. The court found that that was enough. Sorry, which, where was that? Bailey, Your Honor. Bailey. And the government has made the point, either in this case or in one of the others, I'm not sure, that when we're dealing with these problems, we should really treat these as not just an exercise in legal imagination, but should focus on realistic possibilities for applying the law in this way. I've never seen a paper cut robbery conviction in Indiana law. You say Bailey is a tap on the forehead. This is in a domestic violence situation. It is, Your Honor. Where the basis for fear would be fairly clear. So in terms of robbery, you know, the hand in the pocket, menacing gestures, and so on, obviously can be perceived as a threat of very serious bodily injury or death. So in the robbery context, what's the best case for you that doesn't involve just imagination? Well, Your Honor, in cross, there was no threatening gesture. The defendant had his hand in his pocket, but he took his hand out when he grabbed the cash register. There was never a weapon seen or displayed. That's after the victim submits. Your Honor, the victim didn't submit to anything in that case, and that's sort of the point. Based on at least the record that we have in the published opinion, the two defendants walked into the gas station, walked up to the cash register. Simulated gun. That is not in the record. Certainly one could assume that perhaps that's what happened, but that's not in the record. Well, that was what the victim said happened, that there was a threatened weapon. In that case, Your Honor, the victim did not say that he saw a weapon or believed there was a weapon. What he described is there was a hand in the pocket and that the defendant had that look upon its face. The word that in quotation marks in the opinion itself. There is no mention of a weapon except to note that there was no weapon seen at any point. Similarly, in the case of Jones, which is a bank robbery, the defendant walked up to the teller, said, Give me the money. We need to do this as quickly as possible. Never made any threatening gestures, never threatened any force, never used any force. Certainly the victim was afraid in that case, but I think what we have here is an example of the state legislature very, very purposefully defining the robbery by fear statute broadly. This was a choice by the legislature to encapsulate a broad range of conduct into their robbery by fear prong, as opposed to narrowing it after many opportunities to do so in an effort to capture more conduct. I see my time is up. Thank you. Mr. Whalen. Good morning, your honors. May it please the court. My name is Nathaniel Whalen, and I'm here on behalf of the United States. Your honors, the district court properly applied this court's longstanding and well-established precedent in finding that Indian robberies are a crime of violence and enhancing Mr. Duncan's sentence accordingly. We ask that you affirm. About a decade ago, this court in U.S. v. Lewis found that Indian robbery is a crime of violence under both the force and the residual clauses of the sentencing guidelines. It's affirmed that holding numerous times. It's applied it to ACCA. And to the extent that Samuel Johnson, which is what I'll refer to the 2015 case, affects it, it affects the residual clause aspect of the holding. But the force clause aspect of the holding is still good law. And Mr. Duncan hasn't asked this court to overturn Lewis or Raup or any of the other cases. He's arguing that Lewis is no longer good law. That's correct, your honor, but he hasn't asked this court to overturn it. I don't understand that difference. Well, I think what he's saying is it's been implicitly overruled by the Supreme Court. I don't think he's asking this court to reconsider it. Perhaps I'm mistaken in misreading his briefs or it's a difference in semantics. Well, I interpret it as a direct challenge to Lewis. In any event, this court has reaffirmed that holding that Indian robbery is a crime of violence numerous times since 2010, since Curtis Johnson. Additionally, he says the court in Lewis didn't consider Flores and the force required. The court cited Flores in the Lewis decision, and I think it was well aware of that standard. But ultimately, the court got it right in Lewis and did apply the right level of force. Mr. Duncan's made the argument. But let's talk about as a vulnerable victim. And when he says give me your car or I'll give you a paper cut, he hands over the keys. Understanding the categorical approach used in sentencing, should the fact that this could be included under the Indiana statute for robbery mean that there are some Indiana robberies that would not qualify as a crime of violence under law? Your Honor, I think as Judge Hamilton pointed out, the Supreme Court has told this court to consider reasonable probabilities of how Indiana would apply the statute and not just legal or lawyerly imagination. And I haven't found a case that involves a paper cut resulting in a robbery. And I don't think Mr. Duncan has cited one. The case that he relies on most, it appears now, is Cross. That's a 1956 Indiana Supreme Court case. And if you look at the structure of that opinion, the Supreme Court went through the facts of the case. But ultimately, the question they consider, they ask a hypothetical question, is the court able to conclude there was no evidence before the lower court of probative value or reasonable inferences to indicate a pellant did not threaten McCauley by his gesture suggesting a gun in his right hand in his side coat pocket? So the way the Indiana Supreme Court was interpreting the facts of the case is the defendant was gesturing, implying that he had a gun in his pocket. And that's the threat in use of force. That's threatening a victim with bodily injury that if you don't comply with my demands, I'm going to hurt you in some way with a gun. In terms of the argument that Indiana robbery has some lower threshold of bodily injury than other states, I don't think that's borne out by the law in this court's precedent. What Flores says is you need force intended to cause bodily injury or at a minimum likely to do so. What Curtis Johnson, the 2010 Supreme Court, says is you need force capable of causing physical pain or injury to another person. Indiana basically tracks that.  And that's in Yang, an opinion that post-dates Samuel Johnson. This court found that Minnesota domestic assaults, which can be committed by putting another in fear of bodily harm, is sufficient. Minnesota defines bodily harm as physical pain or injury, illness, or any impairment of physical condition. In Castellanos, the 2010 post-Curtis Johnson case, this court considered Illinois bodily injury. Illinois bodily injury is some sort of physical pain or damage to the body, like lacerations, bruises, or abrasions, whether temporary or permanent. This court had no problem finding that that is sufficient bodily injury to meet the threshold of Curtis Johnson. And I think this court's consideration of bodily injury under Indiana law is probably most evident in the Ellis case. That's the case where this court found Indiana intimidation is not a crime of violence. It says you can intimidate by putting someone in fear of injury. And what this court said is if Indiana had said fear of bodily injury, then it would be a crime of violence under the force clause. That implies that Indiana bodily injury is enough to constitute force under the force clause. And I'd like to just quickly touch on the other points that Mr. Duncan says shows that Lewis isn't good law, and that's that it focuses on the subjective perspective of the victim. Indiana does allow, like common law, a conviction for robbery by putting the victim in fear. And as the court said in Simmons, which is a 1983 appellate court case, the subjective fear is basically a subjective reaction to the defendant's objective threats. It's the flip side of the coin, excuse me. It's another way of looking at it. But what's important about Indiana robbery, as Judge Rovner noted, is you have to take someone's property by putting them in fear. It can't just be an incidental, hey, you happen to be in fear, I'm going to walk up and take your property. The defendant has to put the victim in fear, and that's the causation element that the Indiana courts have talked about. Unless the court has any questions, I'd like to briefly address the 28J letter that was filed yesterday. I don't understand Mr. Duncan to be making an argument now that Indiana robbery by force is not a crime of violence. To the extent that he is, that argument's been waived. It was briefed down below in pages 7 to 11 of the sentencing brief. It was argued to the district court judge. And in both of his briefs to this court, he focused exclusively on the robbery by fear prong. Even if it wasn't waived, it's best it's forfeited. And the district court did not commit plain error by relying on this court's numerous precedent finding that Indiana robbery is a crime of violence. So unless this court has any other questions, we would ask that you affirm the sentence. Thank you. Thank you. Ms. Sobel, how much time? Your time had expired. I'll give you two minutes to rebut if you have anything further to say. Thank you, Your Honor. The 20HA letter was not attempting to raise a force argument, but rather that precedent is specifically related to the argument that we make about robbery by fear. As this court and numerous courts have recognized repeatedly, states are entitled to define their own criminal codes as they see fit. And therefore, this court's opinions interpreting other states' statutes and other states' definitions of their own bodily injury requirement do not direct this court's decision today. Rather, what does is this court's decision in Flores, which very carefully and specifically evaluated the definition of Indiana bodily injury. Indiana could not be clearer about what is required to satisfy their robbery by fear statute. Unlike many other states, Indiana has gone through the trouble of codifying their bodily injury standard. They've gone through the trouble of including it very explicitly in their statute and developing it through the common law. The government asked this court to sort of disregard all of that, but that was precisely the persuasive argument that this court adopted in Flores. This court looked at the Indiana state law and said, under the Indiana law, this would be enough. That categorical approach, that method, first set forth in Taylor, asking this court to consider the scope of conduct that could be criminalized by a particular state statute, should be applied equally today. And for that reason, Indiana's robbery by fear should not be considered a violent felony. All right, thank you. Thank you. Our thanks to both counsel. The case is taken under advisement.